IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESUS ARMANDO AGUIRRE SANCHEZ                                    PLAINTIFF

v.                          Civil No. 2:23-CV-02011-PKH-MEF

DEPUTY HICKS,
Crawford County Justice Center (CCJC);
DEPUTY HARDWICK, CCJC;
CORPORAL MONGOL, CCJC;
DEPUTY OKINOUSKI, CCJC; and
SERGEANT BAKER, CCJC                                            DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Plaintiff, Jesus Armando Aguirre

Sanchez, is proceeding *pro se* and *in forma pauperis*.  (ECF No. 3).  Pursuant to the provisions of

28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.  Currently before the Court is Plaintiff's failure to comply with the Court's

orders and failure to prosecute this case.

## I.      BACKGROUND

Plaintiff filed his Complaint on January 17, 2023, generally alleging that the Defendants

used excessive force against him when he was detained at the Crawford County Detention Center

("CCDC").  (ECF No. 1).  On that same day, Plaintiff filed an application to proceed *in forma*

*pauperis* ("IFP").  (ECF No. 2).  In granting this motion, the Court also cautioned Plaintiff that he

must maintain a current address with the Court, and that failure to submit of change of address

within 30 days of such a change could result in the matter being dismissed.  (ECF No. 3).  On

January 27, 2023, the Court directed Plaintiff to submit an amended complaint.  (ECF No. 6).  This

1

Order was not returned as undeliverable.  On February 8, 2023, Plaintiff filed an Amended Complaint.  (ECF No. 7).  On February 16, 2023, in an order highlighting the deficiencies with the Amended Complaint, the Court ordered Plaintiff to file a First Amended Complaint.  (ECF No. 9).  This Order was not returned as undeliverable.  On February 27, 2023, Plaintiff filed a First Amended Complaint.  (ECF No. 10).  On March 6, 2023, the Court directed service of the First Amended Complaint.  (ECF No. 11).

On March 30, 2023, the Defendants filed an Answer.  (ECF No. 14).  On that same day, the Court directed the Defendants to file a motion for summary judgment on the issue of exhaustion by May 11, 2023, or promptly file a notice indicating that the Defendants did not intent to raise the issue of exhaustion under 42 U.S.C. § 1997(e)(a) as a defense.  (ECF No. 15).  Consistent with this Order, on April 19, 2023, the Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies.  (ECF No. 16).  On April 20, 2023, the Court instructed Plaintiff on how to file a response to the Motion for Summary Judgment and ordered him to file his response by May 11, 2023.  (ECF No. 19).  That Order was not returned as undeliverable.  When Plaintiff did not file a response or otherwise communicate with the Court in any way by May 11, 2023, the Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders.  (ECF No. 20).  The Court ordered Plaintiff to respond to the show cause order by June 2, 2023, failing which this matter would be subject to dismissal.  *Id.*  That deadline has passed, and Plaintiff has not responded.  In fact, Plaintiff has not communicated with the Court in any way since he filed his First Amended Complaint on February 27, 2023.

## II.        LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.        ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's Order directing him to file a response to Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 16), and the Court's Show Cause Order (ECF No. 5).  Thus, Plaintiff has failed to prosecute this case.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),  it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

## IV.      CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of June 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

4